| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **EASTERN DISTRICT OF NEW YORK** | |
| ------------------------------------------------X | CIVIL ACTION NO. |
| HYACINTHE JOSEPH, | |
| Plaintiff, | |
| *on behalf of himself and all others similarly situated*, | **COLLECTIVE & CLASS ACTION COMPLAINT** |
| -against- | |
| NEW MILLENIUM NY, INC., | |
| Defendant. | |
| ------------------------------------------------X | |

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of himself and all others similarly situated, as and for a Collective and Class action Complaint against Defendant, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this Collective and Class action on behalf of similarly situated home attendants, personal care aides and/or home health aides (the "Collective or Class Members"), to seek redress for systematic underpayment of minimum and overtime wages against Defendant, a provider of home health care for the elderly and infirm.

2. Defendant, by failing to pay promptly Plaintiff, the Collective and Class Members the federal and state mandated minimum wage and overtime, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 650 and 190 *et seq*; and 12 N.Y.C.R.R. §§ 142-2.1, 2.2 and 2.4.

3. Plaintiff brings this action on behalf of himself and all current and former home attendants, personal care aides and/or home health aides of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the FLSA which deprived Plaintiff and others similarly situated of their lawful minimum and overtime wages.

4. Plaintiff also brings this action on behalf of himself and all current and former home attendants, personal care aides and/or home health aides of Defendant, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for unpaid and late paid minimum, spread of hours, overtime wages and record keeping penalties pursuant to NYLL §§ 652, 663, 191 and 198; and 12 N.Y.C.R.R. §§ 142-2.1, 2.2 and 2.4.

5. Plaintiff hereby seeks legal, injunctive and declaratory relief against Defendant pursuant to the FLSA, NYLL and N.Y.C.R.R.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Plaintiff labored for Defendant largely in Brooklyn and Queens, and Defendant resides in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident of the state and City of New York.

10. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

11. At all relevant times, Defendant employed Plaintiff and the others within the meaning of the FLSA and NYLL.

12. Defendant New Millenium NY, Inc. d/b/a New Millenium Home care is a domestic business corporation doing business within the City of and State of New York that maintains its principal place of business at 117-14 Queens Boulevard, Forest Hills, NY 11375.

13. Defendant was at all times herein relevant an FLSA enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*. Defendant contracted with persons and entities in other states in the course of its business.

14. Defendant's employees, including Plaintiff, used and/or handled goods that moved in interstate commerce in the discharge of their employment duties, including but not limited to the internet, computers, telephones, cellular telephones, text messages, office supplies, cleaning supplies, canned goods, cleaning equipment, prescription medications, home appliances, etc.

**STATEMENT OF FACTS**

15. Defendant at all relevant times herein employed Plaintiff and the others as home attendants, personal care aides and/or home health aides providing personal home health care, companionship and assistance to Defendant's disabled and elderly clients.

16. Plaintiff worked for Defendant from 2016 until January 2022. Plaintiff and the others at all times maintained and lived in their own separate residences.

17. The job duties of Plaintiff and the others included, but were not limited to the following: personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; escorting clients; and taking care of household visitors and pets.

18. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedules of Plaintiff and the others.  Defendant paid Plaintiff and the others on a W-2 basis bi-weekly and evaluated and provided feedback on their work performance.

19. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

20. Plaintiff and the others worked 8, 10 or 12 hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff and the others to attend to and monitor their assigned clients throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff and the others did so in terms of frequency, priority and documentation, *inter alia*.

21. Defendant at all times monitored Plaintiff's and the others' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of job duties.

22. While working, Defendant required Plaintiff and the others to remain at the residences of Defendant's clients and monitor and attend to them throughout the shift.

23. While employed by Defendant, Plaintiff and the others regularly worked 55 hours per week and on occasion more.

24. During said time, Defendant prohibited Plaintiff and the others from leaving the assigned client(s) and required Plaintiff to constantly attend and respond to the clients, such that they were on call when not actively working, for Defendant's benefit.

25. At the beginning and end of each of Plaintiff's and the others' work shifts, Defendant required them to place a telephone call to the latter's automated time keeping system to record their hours.  Defendant at all times did not pay Plaintiff and the others for all recorded time and/or hours worked.

26. Throughout their respective tenures, Plaintiff and the others rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods because they assisted, monitored, rotated, toileted and responded to their assigned clients throughout their shifts, including during alleged rest or inactivity periods.

27. At all relevant times, as a result of the foregoing, Defendant often paid Plaintiff and the others at rates well below the applicable minimum wage, bi-weekly, in violation of the FLSA §§ 206 and 218, NYLL §§ 652 and 191; 12 N.Y.C.R.R. §§ 142-2.1 and 2.4; and PHL § 3614-c.

28. At all relevant times, Defendant failed to pay Plaintiff and the others overtime wages for all hours worked in excess of forty (40) per week, bi-weekly, in violation of the overtime provisions of the FLSA §§ 207 and 218, NYLL §§ 652 and 191; and 12 N.Y.C.R.R. §§ 142-2.2.

29. Defendant's recordkeeping practices violated the FLSA § 211(c) and NYLL § 196-a and the burden should shift to Defendant to prove they paid fully all home attendants, personal care aides and/or home health aides the applicable minimum wage and overtime.

30. For example, during the week of 06/13/20-06/19/20, Plaintiff worked sixty (60) hours. Defendant paid Plaintiff $1,072.50 that week, without spread of hours and with overtime premium pay after 40 hours that excluded differentials. (Attached as Exhibit 1).

31. Similarly, during the week of 01/09/21-01/15/21, Plaintiff worked 47 hours. Defendant paid Plaintiff $757.50 that week, without both spread of hours and overtime premium pay after 40 hours. (Attached as Exhibit 2).

32. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to:

A. Failing to pay Plaintiff and the others the minimum wage for all hours worked in each discrete work week; and

B. Failing to pay Plaintiff and the others one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week.

33. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

34. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

35. Throughout their respective tenures, Defendant failed to provide Plaintiff and the others with accurate notices of pay rates including hourly rate and overtime.

36. Throughout their respective tenures, Defendant provided Plaintiff and the others with pay statements with each payment of wages that did not include the number of hours actually worked, hourly and overtime pay rates and Defendant's actual and 'doing business as' name(s), *inter alia*.

**COLLECTIVE & CLASS ALLEGATIONS**

37. Plaintiff brings his FLSA claims on behalf of himself and all persons who worked for Defendant as home attendants, personal care aides and/or home health aides, and who worked twenty-four (24) hour shifts, or greater than forty (40) hours per week, at any time since March 2019 ("FLSA Collective").

38. Defendant is liable under the FLSA for failing to properly pay the minimum wage for all hours worked and overtime wages for all hours worked greater than forty (40) per week. As such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

39. Plaintiff brings his NYLL claims on his own behalf and on behalf of a class of all employees who worked as home attendants, personal care aides and/or home health aides for Defendant, and who worked twenty-four (24) hour shifts, or greater than forty (40) hours per week ("Rule 23 Class"), at any time since March 2016 (the "Class Period").

40. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief, Defendant had over 500 employees at any particular time during the Class Period.

41. The claims of Plaintiff are typical to the claims of the Rule 23 Class.

42. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

44. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

45. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's policies, practices and procedures.

46. Defendant has acted on grounds generally applicable to the FLSA Collective and Rule 23 Class, thereby making legal, equitable and declaratory relief appropriate for the Collective and Class.

47. There are questions of law and fact common to the Collective and Class which predominate over any questions solely affecting individual members of the Class, including:

A. Whether Defendant failed to pay Plaintiff, the FLSA Collective and the Rule 23 Class the minimum wage for each hour of work that Defendant required and permitted them to perform;

B. Whether Defendant failed to pay Plaintiff, the FLSA Collective and Rule 23 Class overtime wages at a wage rate of one and one-half times their regular rates of pay;

C. Whether Defendant failed to pay Plaintiff, the FLSA Collective and Rule 23 Class spread of hours; and

D. Whether Defendant failed to provide Plaintiff, the FLSA Collective and Rule 23 Class legally compliant wage rate notices and wage statement.

**FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)**
**(On Behalf of Plaintiff and Collective Members)**

48. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

49. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

50. The named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

51. At all times relevant to this action, Plaintiff and the Collective Members were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

52. At all times relevant to this action, Plaintiff and the Collective Members were engaged in commerce and Defendant was an enterprise engaged in interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. Defendant violated the rights of Plaintiff and the Collective Members by failing to pay them the applicable minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

54. Defendant's failure to pay promptly Plaintiff and the Collective Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

55. Defendant is liable to Plaintiff and the Collective Members who opt in to this action for their unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**
**(On Behalf of Plaintiff and Collective Members)**

56. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

57. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

58. The named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59. At all times relevant to this action, Plaintiff and the Collective Members were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

60. At all times relevant to this action, Plaintiff and the Collective Members were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

61. Defendant violated the rights of Plaintiff and the Collective Members by failing to pay promptly overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

62. Defendant's failure to pay promptly Plaintiff and the Collective Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

63. Defendant is liable to Plaintiff and the Collective Members who opt in to this action for their unpaid overtime compensation, liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION: NY MINIMUM WAGE (Labor Law §§ 652, 663, 191, 198) (On Behalf of Plaintiff and Class Members)**

64. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff and the Class Members were Defendant's employees within the meaning of NYLL § 651(5).

66. At all times relevant to this action, Defendant was an employer of Plaintiff and the Class Members within the meaning of NYLL § 651(6).

67. At all times relevant to this action, Defendant failed to pay promptly Plaintiff and the Class Members the applicable minimum wage for all hours worked in violation of NYLL § 652 and 191 and 12 N.Y.C.R.R. §§ 142-2.1 and 2.4.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

68. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay them wages due and owing for work performed each week in violation of NYLL § 191.

69. Due to Defendant's NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL §§ 663 and 198.

**FOURTH CAUSE OF ACTION: NY OVERTIME (Labor Law §§ 652, 663, 191, 198) (On Behalf of Plaintiff and Class Members)**

70. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff and the Class Members were Defendant's employees within the meaning of NYLL § 651(5).

72. At all times relevant to this action, Defendant was an employer of Plaintiff and the Class Members within the meaning of NYLL § 651(6).

73. At all times relevant to this action, Defendant failed to pay promptly Plaintiff and the Class Members overtime wages for all hours worked greater than forty (40) per week in violation of NYLL §§ 652 and 191, and 12 N.Y.C.R.R. § 142-2.2.

74. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay promptly overtime wages due and owing for work performed in violation of NYLL, as indicated above.

75. Due to Defendant's NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL §§ 663 and 198.

**FIFTH CAUSE OF ACTION: NY WAGE THEFT** (Labor Law §§ 195, 198)
**(On Behalf of Plaintiff and Class Members)**

76. Plaintiff repeats the foregoing paragraphs in their entirety.

77. Defendant failed to provide Plaintiff and the others with notices of pay rates and wage statements with each wage payment that contained all required information, such as employer address, telephone number, pay period dates, d/b/a/ name, weekly hours worked, regular and overtime pay rates, weekly overtime hours worked, etc.

78. As a result of the foregoing, Defendant violated NYLL §§ 195(1) and (3) and Plaintiff and the others are entitled to recover civil penalties and record-keeping violation liability from Defendants for the duration of said violations.

79. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiff and the Class.

80. Defendant willfully violated the rights of Plaintiff and the others by the aforementioned course of action.

**PRAYER FOR RELIEF**
**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum and/or overtime wages;

B. An award of unpaid minimum wages, overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. An award of statutory damages pursuant to NYLL § 198;

E. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216;

F. Certification of this case as a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and

H. Issuance of an injunction and declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

February 20, 2022

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550