

# Law Office of David Wims

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

June 13, 2022

**BY ECF**

U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11212
Attn: Honorable Judge Pamela K. Chen

**Re:**     *Joseph v. New Millennium NY, Inc.* **(22CV1029)(PKC)(PK)**

Dear Judge Chen,

Please be advised that this office represents the Plaintiff in this matter. I write jointly with Defendant to request that the Court approve the parties' settlement agreement and release in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*; and New York Labor Law ("NYLL") §§ 650 *et seq* action pursuant to *Cheeks v. Freeport Pancake House Inc. et al,* 796 F.3d 199 (2d Cir. 2015).

On February 25, 2022, Plaintiff's counsel filed the Complaint alleging that Defendant failed to pay Plaintiff the required minimum wage and overtime wages in violation of the FLSA and NYLL, inter alia. On May 11, 2022, the parties reached a full and final settlement in principle. See Docket #11. The proposed settlement agreement and release is attached herewith as Exhibit 1.

The parties' settlement agreement and release requires Defendant to pay to Plaintiff a total of $45,000.00, as follows:

1. $20,000.00 to Plaintiff as W-2 wages;
2. $10,000.00 to Plaintiff as 1099 non-wages; and
3. $15,000.00 to David C. Wims, Esq. as attorneys' fees and costs.

Law Office of David Wims							6/13/2022

An FLSA settlement should receive judicial approval where it is "fair and reasonable." See *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

Based on the relevant payroll records,  Plaintiff identified alleged, apparent violations of the FLSA and NYLL[1], including minimum wage and overtime wage violations. Defendants vehemently deny that there are violations of the FLSA or the NYLL1 present with regard to these issues, and the parties have a *bona fide* dispute as to the facts and law underpinning these claims.  Specifically, Defendant denies that an employment relationship existed between the parties, that Plaintiff was

---

[1] It is also important to note that settlement of claims pursuant to the New York Labor Law do not require judicial approval. See, e.g., *Wright  v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26982, 2009 WL 725012, at *4 * (S.D.N.Y. Mar. 20, 2009)("there is no express restriction on the private settlement of waiver of wage and hour claims under New York law.").

Page 2

entitled to a higher minimum wage than that paid to Plaintiff, that Defendant's overtime payments to Plaintiff should have included certain differentials and that the pay stubs issued to Plaintiff complied with the NYLL, inter alia.

Considering the significant factual and legal disputes, the parties believe that the $45,000.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation.  This amount far exceeds the value of Plaintiff's potential full recovery of unpaid wages and liquidated damages under the FLSA, which has a two year statute of limitations ("SOL"), while the NYLL has a six year SOL.  Plaintiff's maximum recovery of FLSA unpaid wages and overtime is approximately $20,000.00.  While all sides are confident that they would prevail on the disputed issues of law and fact, there are bona fide disputes as to these issues.

The settlement agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. Lastly, each party is represented by counsel experienced in wage and hour practice.

As stated above, the proposed settlement represents a fair value of Plaintiff's claims, including liquidated damages and statutory damages, where Defendant deny all violations. See, *Rodriguez-Hernandez v. K Bread & Co.*, No. 15- cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement will also enable the parties to avoid the burdens of testifying, and the hardship of waiting for the payment of any recovery. Plaintiff believes that, on balance, the recovery it will obtain now is preferable to waiting for the conclusion of anticipated lengthy litigation.

Part of the purpose of settlement is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the [Plaintiffs] . . . against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). The settlement represents a reasonable compromise of the bona fide disputes in this matter.  A

"presumption of fairness, adequacy and reasonableness may attach to a . . . settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).

The parties participated in arm's length settlement discussions in order to arrive at this settlement. As such, the settlement involves a clear and bona fide wage dispute in contested litigation, which was resolved through an arm's-length settlement process.

This settlement was reached after intensive negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. Moreover, Defendant provided significant time record and pay stub documentation to Plaintiff. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement.

In addition, Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering the unpaid wages and statutory violations under the FLSA and NYLL. Plaintiff agreed to a 33% contingency fee. Plaintiff's counsel will receive a 33% fee. In the Second Circuit, a 33% contingency fee in an FLSA and NYLL case is considered reasonable. See *Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014).* Plaintiff's counsel's fee application is submitted contemporaneously herewith.

Finally, the Settlement Agreement does not contain any provisions such as confidentiality, general release, or non-disparagement, that courts in this District have found objectionable. See, e.g., *Fernandez v. N.Y. Health Care, Inc.*, 2020 U.S. Dist. LEXIS 69408 at *4-7 (S.D.N.Y. 2020).

Thank You for Your time and attention.

Law Office of David Wims                                                                 6/13/2022

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)



Cc: Honorable Peggy Kuo (By ECF)
Daniel Gomez-Sanchez, Esq. (By ECF)